UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

CARLOS MANUEL HIDALGO,

       Plaintiff,

    -v-                                      No. 12CV9009-LTS-SN

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

       Defendant,

----------------------------------------------------------------X

<u>Amended Memorandum Opinion and Order Adopting Report and Recommendation</u>

       On August 19, 2013, Magistrate Judge Sarah Netburn issued a Report and

Recommendation ("Report") recommending that the Court: (1) deny the motion of the

Commissioner of Social Security ("Commissioner") for judgment on the pleadings, (2) grant

Plaintiff's motion for judgment on the pleadings, and (3) remand the case for further

development of the administrative record.  The Commissioner filed a timely objection to the

Report on September 12, 2013 (the "Objection").  Plaintiff filed a response to Defendant's

objections on September 24, 2013.[1]

       The Court has considered thoroughly each of the Commissioner's objections and

---

[1]    Plaintiff filed a motion for reconsideration (docket entry no. 30) of this Court's
Memorandum Opinion and Order Adopting Report and Recommendation, entered
on June 25, 2014.  Plaintiff's motion seeks amendment to the Court's order to
remand the case pursuant to sentence six of 42 U.S.C. § 405(g) so that the remand
is pursuant to sentence four of 42 U.S.C. § 405(g).  The Commissioner informed
the Court that the Social Security Administration does not intend to oppose the
motion for reconsideration.  Plaintiff's motion for reconsideration is granted for
substantially the reasons stated in Plaintiff's memorandum in support of his
motion, and this Amended Memorandum Opinion and Order reflects a remand of
this case pursuant to sentence four of 42 U.S.C. § 405(g) .

Plaintiff's responses and, for the following reasons, the Court adopts the Report in its entirety.

<u>BACKGROUND</u>

Plaintiff applied to the Social Security Administration ("SSA") for Disability Insurance Benefits and Supplemental Security Insurance benefits on July 29, 2009, based on his depression, anxiety, and auditory hallucinations associated with post-traumatic stress disorder ("PTSD").  Plaintiff was diagnosed with PTSD in 2009 after, he alleges, he was injured when he was knocked to the ground by police, hitting his face on the concrete and a broken beer bottle.  SSA denied his claim on initial review on September 18, 2009.  A hearing before an Administrative Law Judge ("ALJ") was conducted on January 27, 2011.  The ALJ found on July 1, 2011, that Plaintiff was not disabled.

In denying Plaintiff's application for disability benefits, the ALJ relied on the opinions of three physicians – Plaintiff's treating physician and two consultant physicians.  Hidalgo began treatment with psychiatrist Dr. Marc Vital-Herne, on April 16, 2009.  Over the next year, Dr. Vital-Herne met with Plaintiff approximately every one to two months.  Dr. Vital-Herne diagnosed Plaintiff with PTSD and prescribed medication.  The doctor also concluded that Plaintiff has a mood disorder and associated issues.  "His perception is impaired due to auditory hallucinations and paranoid ideas. These among other symptoms plus side-effects of medications make it very difficult for [Plaintiff] to function in the work setting."  (R. 289.)  However, because the ALJ determined Dr. Vital-Herne's report was "not fully consistent with treating source records," (R. 25,) the ALJ did not afford the treating physician's opinion controlling weight.  The ALJ concluded that Dr. Vital-Herne's report was not entitled to controlling weight because it was inconsistent with the record in that 1) the report states that Plaintiff had an inability to function outside of a highly-supportive environment, yet he lives alone; 2) Plaintiff

indicated that he does socialize at times, 3) Dr. Vital-Herne's clinical notes refer to improvement over time with medication; and 4) despite a low Global Assessment of Functioning ("GAF") score, Dr. Vitale-Herne's notes do not reflect a recommendation of more frequent visits. (R. 21-22.).

The ALJ relied on the opinions of two consultant physicians.  On September 2, 2009, upon the request of the SSA, Dr. Herb Meadow examined Plaintiff.  Dr. Meadow diagnosed Plaintiff with PTSD; however, he concluded that Plaintiff "would be able to perform all tasks necessary for vocational functioning."  (R. 257.)  Also, on September 17, 2009, after Plaintiff applied for benefits, his record was reviewed by Dr. R. Altmansberger, a State Agency psychologist, who concluded that Plaintiff was capable of functioning in a vocational setting and was not significantly limited in his day to day life.

On October 22, 2012, Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision a final decision of the Commissioner. Proceeding pro se, Plaintiff commenced this action for judicial review of the final decision on December 10, 2012.  The Commissioner moved for judgment on the pleadings pursuant Federal Rule of Civil Procedure 12(c) on May 3, 2013.  Plaintiff cross-moved for judgment on the pleadings and, in the alternative, requested remand to the Commissioner for further proceedings.

Judge Netburn issued the Report on August 19, 2013,recommending that the Court deny the Commissioner's motion, grant Plaintiff's motion, and remand the case to the ALJ for further development of the administrative record.  Judge Netburn concluded that the ALJ erred as a matter of law in failing to apply the treating physician rule properly.  Judge Netburn further concluded that this error led to inadequate development of the record because, while he found gaps in the record, the ALJ failed in his affirmative duty to further develop the record.

For example, Judge Netburn pointed to the ALJ's finding that Dr. Vital-Herne's treatment notes apparently do not recommend more frequent visits despite Plaintiff's low GAF score.  Judge Netburn also held that the ALJ erred because, to the extent he afforded Dr. Meadow's findings relatively greater weight than Dr. Vital-Herne's findings, he failed to state "good reasons" for so doing.

The Commissioner's objections focus principally on Judge Netburn's determination that remand to the Commissioner is warranted because the ALJ failed to develop the record and improperly relied on Dr. Meadow's and Dr. Altmansberger's reports.  The Commissioner argues that the regulations permit the ALJ to give greater than limited weight to the report of consultative examiners, and that the record was fully developed.  (Docket entry no. 24 at 2-4.)  The Commissioner also argues that the ALJ's decision not to give the treating physician's opinion controlling weight was supported by substantial evidence because there were inconsistencies in the treating physician's statements.  The Commissioner also argues that the ALJ was not required to seek clarification or additional information concerning those inconsistencies.  Finally, the Commissioner argues that the Report errs insofar as it holds that the ALJ may afford "only limited weight [to the opinions of consultative examiners] because of their typically superficial exposure to the plaintiff."  (Docket entry no. 24 at 5-6.)

<u>DISCUSSION</u>

When reviewing a magistrate judge's report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C.S. § 636(b)(1)(C) (LexisNexis 2012).  The district court must make a <u>de novo</u> determination to the extent that a party makes specific objections to a magistrate judge's finding.  <u>Id.</u>; <u>see also</u> <u>United States v. Male Juvenile</u>, 121 F.3d 34, 38 (2d Cir.

1997).  Courts may set aside a decision of the Commissioner if it is based on legal error, or if it is not supported by substantial evidence.  Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998).  On review of a negative determination by the Commissioner on an application for disability benefits, the district court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing."  42 U.S.C.S. § 405(g) (LexisNexis 2012).  The Commissioner's factual findings are conclusive if supported by substantial evidence.  Id.

The Treating Physician Rule

The Commissioner objects to Judge Netburn's recommendation that the opinion of Plaintiff's treating physician Dr. Vital-Herne should have been given controlling weight. Specifically, the Commissioner argues (1) that Dr. Vital-Herne's treatment notes contained inconsistencies concerning whether Plaintiff showed improvement and was able to live alone, and (2) that the Report sets forth an incorrect standard when it recommends that it was legal error for the ALJ to give the consultative examiner's report more than limited weight.

The "treating physician rule" is a common law rule that was codified in slightly modified form as a series of regulations set forth by the Commissioner detailing the weight to be accorded a treating physician's opinion.  Schisler v. Sullivan, 3 F.3d 563, 567 (2d Cir. 1993). Specifically, the Commissioner's regulations provide that an applicant's treating source's opinion will receive controlling weight when it "is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record."  20 C.F.R. § 404.1527.

Although the treating-physician rule generally requires deference to the medical opinion of a plaintiff's treating physician, Schisler, 3 F.3d at 567-68, a treating physician's

opinion need not be given controlling weight if it is inconsistent with other substantial evidence in the record, including the opinions of other medical experts.  Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008).  When a treating physician provides a favorable report, the claimant "is entitled to an express recognition from the [ALJ or] Appeals Council of the existence of [the treating physician's] favorable . . . report and, if the [ALJ or] Council does not credit the findings of that report, to an explanation of why it does not."  Snell v. Apfel, 177 F.3d 128, 134 (2d Cir. 1999), Zabala v. Astrue, 595 F.3d 402, 409 (2d Cir. 2010) (Commissioner's failure to consider favorable treating physician evidence ordinarily requires remand pursuant to Snell).

Regardless of whether the ALJ based his decision to give controlling weight to the consultative physicians on substantial evidence, the ALJ failed to adequately analyze and explain the appropriate weight to give to Dr. Vital-Herne's opinion.  The ALJ must consider the following factors in determining the weight to be given a treating physician's opinion: (1) "[l]ength of the treatment relationship and the frequency of examination;" (2) "[n]ature and extent of the treatment relationship;" (3) the evidence that supports the treating physician's report; (4) how consistent the treating physician's opinion is with the record as a whole; (5) the specialization of the physician in contrast to the type of condition being treated; and (6) any other factors which may be significant.  20 C.F.R. § 404.1527(c)(1)(6).  The ALJ failed to conduct this analysis of the treating physician's opinion and remand is thus necessary.

Affirmative Duty to Develop the Record

When presented with inconsistencies between the treating physician's report and the reports of consulting physicians, the ALJ failed to develop the record in determining that Plaintiff's treating physician's opinion was inconsistent with substantial evidence in the record.

The Commissioner has a duty "to make every reasonable effort to obtain from the individual's treating physician (or other treating health care provided) all medical evidence including diagnostic tests, necessary in order to properly make such determination, prior to evaluating medical evidence obtain from any source on a consultative basis." 42 U.S.C.S. § 423(d)(5)(B) (LexisNexis 2012).  The ALJ must contact medical sources and gather additional information if the ALJ believes that the record is inadequate to make a determination.  When the ALJ has failed to develop the record adequately, the District Court must remand the case to the Commissioner for further development.  See, e.g., Pratts v. Chater, 94 F.3d 34, 39 (2d Cir. 1996).

"[A]n ALJ cannot reject a treating physician's diagnosis without first attempting to fill any clear gaps in the administrative record" and, "where there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history . . . ." Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999) (citations omitted); accord Duncan v. Astrue, 09 Civ. 4462 KAM, 2011 WL 1748549, at * 21 (E.D.N.Y. May 6, 2011) (Where gaps in the record are present, "the ALJ must affirmatively seek out clarifying information from physicians whose opinions the ALJ discounts.")  This duty to develop the record is particularly important where an applicant alleges he is suffering from a mental illnesses, due to the difficulty in determining "whether these individuals will be able to adapt to the demands or 'stress' of the workplace."  See Lacava v. Astrue, 11 Civ. 7727, 2012 WL 6621731 (S.D.N.Y. Nov. 27, 2012) (noting an "enhanced obligation to obtain a broad view of the claimant's history and abilities" for mental health disorders) (quoting 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(E)), report and recommendation adopted, 11 Civ. 7727, 2012 WL 6621722 (S.D.N.Y. Dec. 19, 2012).

Here, the administrative record contains insufficient information regarding the alleged inconsistencies between Dr. Vital-Herne's report and the treatment notes the ALJ relied upon to discredit Dr. Vital-Herne's report.  For instance, while Dr. Vital-Herne's treatment notes contain no prescription for more frequent appointments.  Dr. Vital-Herne's notes also do not include a statement that more frequent visits would or would not have aided Plaintiff's recovery.  The Report also points to evidence contradicting the ALJ's finding of an inconsistency with respect to Dr. Vital-Herne's report in that Dr. Vital-Herne noted that Plaintiff had improved over-time with Medicine.  The Report indicates that Dr. Vital-Herne's report contains information which indicates that the improvement could be associated with Plaintiff's modified behavior to limit social exposure which would be incompatible with many work environments; for instance, although Dr. Vital-Herne noted on January 3, 2011, that Plaintiff felt "calm," he also indicated that Plaintiff had "stayed home from the holiday to prevent problems."  (R. 277.) Without further information from Dr. Vital-Herne, it is unclear what effect, if any, the gaps in the record should have on the weight afforded his opinion.  The failure to complete the record is more troubling because the ALJ specifically found that Plaintiff is suffering from mental illness, and his determination goes to whether he can function in work setting.  See Lacava v. Astrue,, 2012 WL 6621731, at 12.  The Court finds, therefore, that on remand the Commissioner has an affirmative duty to seek clarification to fill the alleged inconsistences in the record cited by seeking further information from Dr. Vital-Herne.

The Weight Afforded to Dr. Meadow's Findings

Finally, the Commissioner's objection to the Report's recommendation regarding Dr. Meadow's report is meritless because it is premised on a mis-characterization of the report.  Although the Commissioner argues that the Report errs because it holds that the ALJ may only

grant limited weight to a consulting physician, actually, the Report notes only that the ALJ erred

to the extent he relied on Dr. Meadow's findings without explicitly stating reasons for the

relative greater weight accorded Dr. Meadow's findings as opposed to Dr. Vital-Hernes'

findings.  (Report at 28 ("While it is within the ALJ's discretion to conclude that the weight of

the evidence supported Dr. Meadow's findings and not Dr. Vital-Herne's, the ALJ must be

explicit about the relative weight of the opinions. To the extent that the ALJ actually relied on

Dr. Meadow's opinion to reach his determination without providing "good reasons" for doing so

– which the final outcome suggests – this was legal error.")  This finding is appropriate given the

above determination that the ALJ failed to follow the proper six-factor analysis required  under

20 C.F.R. § 404.1527(c)(1)(6) to determine the proper weight to grant Dr. Vital-Herne's

findings, and given that a consulting physician is generally afforded more limited weight than a

treating physician, see Gonzalez v. Apfel, 113 F. Supp. 2d 580, 589 (S.D.N.Y. 2000) (noting that

a consulting physician's findings "deserve limited weight" due to a single examination of a

plaintiff).

CONCLUSION

For the foregoing reasons, the Report is hereby adopted in its entirety. This case is remanded to the Social Security Administration pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with the Report and this Memorandum Opinion and Order. The Clerk of Court is respectfully requested to enter judgment and close this case.

This Memorandum Opinion and Order resolves docket entries numbers 17, 19 and 30.

SO ORDERED.

Dated: New York, New York
July 24, 2014


  /S/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge